UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KEVIN J. MATTSON, | ) | Chapter 7 |
| | ) | Case No.: 24-20188 |
| Debtor. | ) | |
| | ) | |
| Edmond J. Ford, Trustee | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Adv. Proc. No. 25-2009 |
| v. | ) | |
| | ) | |
| Terrance Conklin, Marcus, Clegg, Bals & | ) | |
| Rosenthal, P.A. and Seton Unit 4, LLC | ) | |
| | ) | |
| Defendants | ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

NOW COME Defendants Marcus, Clegg, Bals & Rosenthal, P.A. ("MC") and Terence Conklin ("Conklin") and, pursuant to D.Me. LBR 9013-1(d), file this Reply to Plaintiff, Edmond J. Ford's (the "Trustee") *Objection to Motion to Dismiss* [D.E. # 13] and accompanying *Memorandum in Support of Objection to Motion to Dismiss* (the "Objection Memorandum")[D.E. # 13-1].

**A.    The Complaint Pleads Sufficient Facts to Support the Arguments Made in the Motion.**

1.    The Trustee begins the Objection Memorandum by making the curious argument that the *Motion to Dismiss* (the "Motion") [D.E. #6] fails because the Complaint does not allege that Seton 4[1] has an expectation as to the Tax Credits, meaning MC and Conklin's argument in the Motion are unsupported by factual allegations. Objection Memorandum, pp. 3-4. This is simply not true, as the Complaint names Seton 4 as defendant (¶ 5) and seeks a declaratory judgment that it "has no right to the Tax Credit[s]." Complaint, ¶¶ 5, 57, Count III). Along the way, it discusses a Pledge of the Tax

---

[1]    Unless otherwise noted, defined terms shall have the same meanings as ascribed to them in the Motion.

1

Credits to Conklin (Complaint, ¶ 21), which Pledge expressly states that the 100% of the Tax Credits will be allocated to Seton 4. Motion, ¶ 7 and **Ex. A** thereto.) It goes on to quote an agreement between Seton 4 and MC related to Seton 4's guaranty that expressly references Seton 4's claimed entitlement to the Tax Credits: "The Agreement provides that '[Seton 4] expect to receive funds from tax credits related to [Seton 4's] ownership of Waterville Commercial, LLC." Complaint, ¶ 49. If the lawsuit is not about Seton 4's entitlement to the Tax Credits (and by extension Conklin's and MC's claim to same), what is it about? *See In re Vision Care of Maine Ltd. Liab. Co.,* No. 24-10166, 2025 WL 816725, at *1 (Bankr. D. Me. Mar. 13, 2025) (noting that in analyzing a motion to dismiss, the Court should "draw[] on its . . . common sense.") (Citation omitted). The Trustee's pleading argument fails.

**B.    MC, Conklin and Seton 4 All Have Valid Claims to the Tax Credits.**

2.    Entirely absent from the Objection Memorandum is any challenge to two related propositions of Maine law: namely that LLCs can hold property in their own names and, conversely, LLC members have no interest in LLC assets. *See* Motion, ¶¶ 16-18; 31 M.R.S.A. § 1505(2). Black letter law--*Butner v. U.S.*, 440 U.S. 48 (1979)—requires this dispute viewed through the lens of that law.

3.    The allegations in the Complaint (and the Pledge referenced therein and attached to the Motion as Exhibit A[2] (see Motion, fn. 3)) make it clear that Seton 4 was the initial recipient of the Tax Credits by virtue of its ownership of Waterville Commercial. In other words, the Tax Credits were an asset of Seton 4 and Mattson, as Seton 4's sole member, does not- and cannot under Maine law-

---

[2]    The Pledge reads in pertinent part:

1.    Pursuant to and in accordance with that Master Lease of Historic Tax Credit Building (the "Master Lease") and that Historic Tax Credit Pass-Through Agreement ("HTC Pass-Through Agreement") Pledgor has agreed to pass-through certain benefits related to federal historic rehabilitation tax credits (the "Federal HTC") and certain Maine state historic tax credits (the "Maine State Credits") benefits to Waterville Commercial and ultimately to Seton Unit 4.
2.    Pursuant to and in accordance with that certain Operating Agreement of Waterville Commercial, dated on or about the date hereof (the "Operating Agreement"), 100% of the Maien State Credits will be allocated to Seton Unit 4, with Mattson as the sole owner.

2

have an interest in them for anything. Again, the fact that in order to claim the Tax Credits, Seton 4 must go through Mattson's personal tax return does not mean that Seton 4 has lost its assets. The proceeds of the Tax Credits *must* be used to satisfy the bona fide debts of Seton 4 before any remainder devolved to Mattson's (or the estate's) benefit. *E.g., Gilliam v. Speier (In re KRSM Properties, LLC),* 318 B.R. 712, 714 (9th Cir. B.A.P. 2004) (discussed at length in ¶¶ 24-26 of the Motion).

4. *RedF Marketing, LLC v. Roselli (In re RedF Marketing, LLC)*, 598 B.R. 534 (Bank. W.D.N.C. 2018), which the Trustee relies on in the Opposition Memorandum (pp. 10-11), does not alter the thrust of the Motion. In *RedF*, the debtor's liquidating trustee sought, *inter alia*, a determination that certain tax refunds (not tax credits) claimed by the debtor's members were property of the estate. *Id.* at 538. While it is true that the bankruptcy court there ultimately held that the refunds belonged to the members and not the estate, there is a crucial difference between *RedF* and the matter at bar. Here, we are not talking about tax <u>refunds</u>, we are talking about <u>tax credits</u>. The distinction is important.

5. The refunds in *RedF* were issued as a result of the filing of amended returns that showed that the members had overpaid taxes to the tune of $650,000 in earlier tax years. *Id.* In other words, the refunds were a way to "zero out" members' tax obligations. As such, and unlike the Tax Credits at issue here, they did not represent an asset of the LLC, *per se* and would not be reflected on the LLC's balance sheet – the members overpaid their taxes and, therefore, were entitled to the refund. The fact that the debtor had made distributions to the members so that they could pay their taxes does not alter that analysis.

6. In contrast, the Tax Credits here <u>are</u> an asset of Seton 4 and have absolutely nothing to do with any taxes paid by Mattson. The Tax Credits are akin to grants offered by the State to encourage rehabilitation of historic properties; they are not a "refund" of any taxes paid by Mattson.

3

7. The Court in *Carrier v. 45-50 Vernon LP (In re Vernon 4540 Realty, LLC),* 2002 WL 2118414 at ** 5 (S.D.N.Y. 2022)[3] discussed the *RedF* decision and noted this very distinction in declining to follow its holding, noting that an "LLC's tax attributes, including any right to the Tax Refunds, belong[ed] to its shareholders and not the bankruptcy trustee,' *when the shareholders paid the taxes in the first instance.*" (Internal quotation omitted; emphasis added). Mattson has not "paid the taxes in the first instance." This case is not about a tax refund.

8. In any event, *KRSM* and *Vernon 4540* (which, again, point to the important distinction between tax credits and tax refunds and found that <u>tax credits</u> are property of the LLC) provide analyses of these issues that are consistent with both Maine law and concepts of fundamental fairness. They both stand for the proposition that members or shareholders of disregarded entities cannot take the benefits of a pass-through entity – *i.e.*, control and enjoyment of assets – while disregarding the responsibilities, including the need to satisfy *bona fide* corporate liabilities.

9. The Trustee's argument that because the Tax Credits must be reflected on Mattson's personal tax return for tax purposes (none of the parties dispute this), it follows that those Tax Credits are really refunds and not assets of Seton 4 for other purposes[4], such as satisfying debts owed to *bona fide* LLC creditors, is simply wrong. This is especially true since this dispute is about tax credits, as it was in *Vernon* 4540, and not tax refunds, the subject of the *RedF* decision.

**C. The Trustee Does Not Challenge the Motion to the Extent It Seeks Dismissal of Counts I and II.**

10. Finally, the Trustee has responded to the Defendants' argument that he cannot avoid the Pledge to Conklin to the extent it was made by Seton 4. *See* Motion, ¶¶ 32-34. As such Counts I

---

[3] Discussed in the Motion at ¶¶ 27-28.
[4] 36 M.R.S.A. § 5219-BB, which is the linchpin of the Trustee's argument, states that "Credits are <u>allowed</u> to a . . . limited liability company taxed as a partnership . . ." and then they are passed through to the members. This is consistent with the Motion. The Tax Credits are "allowed" to Seton 4, becoming an asset of the estate, they are then passed through to the members and booked as a distribution *Cf., RedF,* 589 B.R at 539 (noting that the debtor's operating agreement required it to make annual distribution to the members to pay taxes). The fact that they are passed through as distributions for tax purposes does not make them unavailable to satisfy *bona fide* corporate debt.

and II of the Complaint must be dismissed for failure to state a claim upon which relief can be granted. "A party's failure to oppose specific arguments in a motion to dismiss results in waiver of those issues." *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 456 F. Supp. 2d 131, 152 (D. Me. 2006), supplemented, No. MDL 1361, 2006 WL 2943308 (D. Me. Oct. 13, 2006); *Putney, Inc. v. Pfizer, Inc.,* No. 07-108-P-H, 2007 WL 3047159, at *8 (D. Me. Oct. 17, 2007)(same).

## Conclusion

WHEREFORE, the Defendants request that the Court enter an Order:

1. Finding that the Complaint fails to state a claim upon which relief can be granted;

2. Dismissing the Complaint with prejudice; and

3. Granting such other relief as it deems just and appropriate.

Dated: September 19, 2025           By: /s/ David C. Johnson
                                    Lee H. Bals, Esq.
                                    David C. Johnson, Esq.

                                    Attorneys for the Defendant Marcus, Clegg, Bals & Rosenthal, P.A.

                                    MARCUS|CLEGG
                                    16 Middle Street, Suite 501
                                    Portland, ME  04101
                                    (207) 828-8000
                                    bankruptcy@marcusclegg.com

## CERTIFICATE OF SERVICE

I, David C. Johnson, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document upon all parties requesting service of pleadings in this case on the Court's CM/ECF facility, on the 19th day of September, 2025.

/s/ David C. Johnson
David C. Johnson